IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL ABRAHAM,

                Plaintiff,                      CV-11-359-ST

        v.                           OPINION AND
                                              ORDER OF REMAND

NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION, as an association and as a
representative of its member schools a.k.a. NCAA,

                Defendant.

_____

STEWART, Magistrate Judge:

Plaintiff, Michael Abraham ("Abraham"), originally filed this action in the Circuit Court

of the State of Oregon for Multnomah County on or about March 11, 2011. *Abraham v. National*

*Collegiate Athletic Association*, Case No. 1103-03259. Abraham contends that defendant, the

National Collegiate Athletic Association ("NCAA"), intentionally and improperly interfered with

his existing and prospective business relationships by reinstating its prohibition of certifying

convicted felons as coaches eligible to coach at NCAA recruiting tournaments.  Abraham alleges

a single state-law claim for intentional interference with economic relations against the NCAA.

He also seeks injunctive relief based on allegations of related injury to his business and

reputation.

On March 23, 2011, the NCAA filed a Notice of Removal to this court.  Notice of

Removal (docket #1).  On March 29, 2011, Abraham filed a Motion for Preliminary Injunction

(docket #3) which has been fully briefed and was set for a hearing this afternoon.

Both parties have consented to allow a Magistrate Judge to enter final orders and

judgment in this case in accordance with FRCP 73 and 28 USC § 636(c).  For the reasons set

forth below, this case is remanded to state court for lack of subject matter jurisdiction.

## REMOVAL STANDARDS

This court has an independent obligation to examine whether it has subject matter

jurisdiction before deciding any issue on the merits. *Valdez v. Allstate Ins. Co.*, 372 F3d 1115,

1116 (9th Cir 2004).  This obligation extends to removal jurisdiction and requires the court to

"remedy the improvident grant of removal by remanding the action to state court."  *California ex*

*rel. Lockyer v. Dynegy, Inc.*, 375 F3d 831, 838 (9th Cir 2003), *amended*, 387 F3d 966 (2004), *cert*

*denied*, 514 US 974 (2005), citing 28 USC § 1447.  "The removal statute is strictly construed

against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party

invoking the statute."  *Id* (citation omitted).

Pursuant to 28 USC § 1441, "any civil action brought in a State court of which the district

courts of the United States have original jurisdiction, may be removed by the defendant or other

defendants, to the district court of the United States for the district and division embracing the

place where such action is pending." Therefore, when an action is removed from state court, this court first must determine whether it has original jurisdiction over the plaintiff's claims.

Removal is proper only where the federal court would have had subject matter jurisdiction over the matter if the plaintiff had originally filed the action in federal court. The federal issue must be disclosed on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 US 386, 392 (1987) (citation omitted). That disclosure must be "unaided by the answer or by the petition for removal." *Gully v. First Nat'l Bank*, 299 US 109, 112 (1936). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 US 470, 475 (1998). Instead, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully,* 299 US at 112 (citation omitted).

## DISCUSSION

The NCAA does not invoke diversity jurisdiction under 28 USC § 1332.[1] Instead, the NCAA invokes original federal question jurisdiction under 28 USC § 1331. Specifically, the NCAA asserts that this court has jurisdiction based on the notion that plaintiff's "right to relief necessarily depends on resolution of a substantial question of federal law." Notice of Removal, ¶ 4. The NCAA is mistaken.

///

---

[1] Abraham resides in Oregon. Complaint, ¶ 1. Although "residence" does not equal "citizenship" for purposes of diversity jurisdiction, and neither the Complaint nor the Notice of Removal allege Abraham's citizenship, this court assumes, without deciding, that Abraham is also a citizen of Oregon for purposes of diversity jurisdiction. Abraham alleges that the NCAA is an unincorporated association comprised of over 1,000 members, primarily four year public and private colleges and universities. *Id*, ¶ 2. Ten such members are located in Oregon. *Id*. Although the amount in controversy exceeds $75,000, exclusive of interest and costs, the citizenship of an unincorporated association is that of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F3d 894, 899 (9th Cir 2006). Assuming Abraham is a citizen of Oregon, the presence of even one NCAA member from Oregon destroys diversity jurisdiction.

The only allegation in the pleadings referencing federal law is the following:

> [The NCAA's] refusal to certify plaintiff to coach as a result of a conviction constitutes an improper means of interference with plaintiff's economic relations with customers and prospective customers. Defendant's no-conviction standard is contrary to federal standards under Title VII of the Civil Rights Act of 1964, precedent established by the United States Supreme Court and guidelines of the EEOC because [the NCAA's] standard interferes with plaintiff's business relations without considerations of: the nature and gravity of the conviction; the amount of time that has passed since the conviction; the business necessity for enforcing a no-conviction standard; and the nature of the job in question.

Complaint, ¶ 15.

A case arises under federal law within the meaning of 28 USC § 1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 US 1, 27-28 (1983). However, it is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 US 804, 808 (1986) (footnote omitted). The federal controversy cannot be "merely a possible or conjectural one." *Gully*, 299 US at 113 (citations omitted).

Both parties agree that Abraham alleges no claim for a violation of Title VII (nor can he) and does not seek Title VII remedies. Instead Abraham alludes to Title VII in support of his contention that the NCAA used an "improper means" to interfere with his business relationships. He alleges that Title VII establishes an objective standard against limiting employment based solely on a conviction that is (or should be) the standard applicable also to the NCAA. Invoking

Title VII in this way is simply insufficient to confer jurisdiction on this court to decide the controversy between Abraham and the NCAA.

Incorporating a federal element into a state law claim does not create federal question jurisdiction.  For example, in *Wander v. Kaus*, 304 F3d 856 (9th Cir 2002), a plaintiff asserted claims in federal court for injunctive relief under the Americans with Disabilities Act ("ADA") and for damages under the California Disabled Persons Act ("DPA").  After the ADA claim became moot, the plaintiff contended that the court retained federal question jurisdiction over his DPA claim because the DPA incorporated the ADA as an element of liability.  The Ninth Circuit disagreed, concluding that "[f]ederal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim."  *Id* at 859.  Similarly here, Abraham alleges, at best, that a violation of Title VII is an element of his intentional interference with business relationships claim.

However, "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 US 308, 312 (2005) (citation omitted).  Those cases "justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."  *Id*.  In *Grable,* a quiet title claim filed in state court was removed to federal court.  The plaintiff alleged that the title was invalid because the IRS had conveyed a seizure notice improperly under federal law. The Supreme Court exercised federal question jurisdiction because the meaning of a federal tax provision was the only contested issue and "an important issue of federal law that sensibly belongs in federal court." *Id* at 315.

///

5 - OPINION AND ORDER OF REMAND

Recently, in *Empire Healthchoice Assurance, Inc v. McVeigh*, 547 US 677 (2006), the

Supreme Court declined to expand *Grable* to include a suit by a health insurance carrier seeking

reimbursement of benefits from an enrollee who had recovered damages for injuries in a state

court tort action.  It noted that the contract claim for reimbursement "involves no right created by

federal statute" and that the claim underlying the personal injury recovery "is plainly governed by

state law."  *Id* at 697-98.  It found the case "poles apart" from *Grable*, explaining:

> The dispute there centered on the action of a federal agency (IRS)
> and its compatibility with a federal statutes, the question qualified
> as "substantial," and its resolution was both dispositive of the case
> and would be controlling in numerous other cases.  Here, the
> reimbursement claim was triggered, not by the action of any federal
> department, agency, or service, but by the settlement of a personal-
> injury action launched in state court, and the bottom-line practical
> issue is the share of that settlement properly payable to Empire.

*Id* at 700 (citations omitted).

Similarly here, the parties are not federal agencies or actors, and there is no "substantial"

federal question, much less one that would be "both dispositive of the case and would be

controlling in numerous other cases."  *Id*.  Finally, like *McVeigh*, this case lacks anything

sufficient to "open the 'arising under' door" and "cannot be squeezed into the slim category

*Grable* exemplifies."  *Id* at 701.  The parties do no dispute the validity, construction or effect of

Title VII.  The only issue is whether Title VII establishes any industry standard applicable to the

NCAA for the purpose of proving a state-law claim.

The courts "have no warrant to expand Congress' jurisdictional grant 'by judicial

decree.'"  *Id* at 696, quoting *Kokkonen v. Guardian Life Ins. Co of Am.*, 511 US 375, 377 (1994).

Nothing in the pleadings confers federal question jurisdiction over the state law claim alleged by

Abraham.  Thus, the NCAA's removal of this action to this court was improper.

## **ORDER**

For the reasons set forth above, this case is remanded to state court for lack of subject

matter jurisdiction, and all pending motions are denied as moot.

DATED this 11th day of April, 2011.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge
